IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 AUG -3 PM 1:32

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) Civil Case No. 1:10cv743 <br> ) <br> ) 8:10mc84. |
| DEVELOPMENT CAPITAL <br> VENTURES, L.P. | ) <br> ) <br> ) |
| Defendant. | ) |

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, and based upon the consent of all parties, this Court takes exclusive jurisdiction of Development Capital Ventures, L.P. ("DCV" or "Defendant") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of DCV ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of DCV's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, trustees, managers, investment advisors and other agents of DCV under applicable state and federal law, by the Certificate of Partnership, Limited Partnership Agreement and all other governing partnership documents, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28

U.S.C. § 754. The trustees, directors, officers, employees, managers, investment advisors and agents of DCV are hereby dismissed. Such persons shall have no authority with respect to DCV's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of DCV and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, and accountants of DCV, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to DCV and its assets and all other assets and property of the Limited Partnership, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the DCV portfolio. The General Partner of DCV shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of DCV as well as the names, addresses and amounts of claims of all known creditors of DCV. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of DCV are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, employees, partners, trustees, managers, investment advisors, agents, shareholders, creditors and debtors of DCV, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to DCV, until further ordered by this Court shall pay all such

obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if DCV had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of DCV, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. DCV's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, investment advisors, debtors, and creditors of DCV and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in

compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said Limited Partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to DCV. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of DCV, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to DCV, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for DCV, or any assets of DCV, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of DCV's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for DCV, or any assets

of DCV, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of DCV's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of DCV against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

10. DCV and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of DCV to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of DCV, from the SBA, up to $1,000,000 and is authorized to cause DCV to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18

months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

12. Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Development Capital Ventures, L.P. in the principal sum of **$2,845,000.00** as of April 1, 2009, plus accrued interest up to the date of entry of this Judgment, (but reduced by previous principal and interest payments received by SBA after April 1, 2009) together with post-judgment interest pursuant to 28 U.S.C. §1961 as of the date of entry of this Order.

**ACKNOWLEDGED AND AGREED TO BY DEVELOPMENT CAPITAL VENTURES, L.P. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

DEVELOPMENT CAPITAL VENTURES, L.P

By: Development Capital Ventures, L.P.
Its: General Partner

By: DCC Operating, Inc.
Its: General Partner
By: _____
Name: Wayne S. Foren
Title: President

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

It is so ordered this 21st day of July, 2010

By the Court:

Anthony J. Trenga
United States District Judge
United States District Court Judge